# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action 3:16-cr-00560-JMC-9 |
| | ) | |
| Allison Amanda Sauls, | ) | **ORDER AND OPINION** |
| | ) | |
|         Defendant. | ) | |
| | ) | |

On July 19, 2016, Defendant was indicted on nine (9) counts of wire fraud. (ECF No. 2 at 26-28.) On August 16, 2016, Defendant was arraigned (ECF No. 97) before Magistrate Judge Shiva Hodges, and Magistrate Judge Hodges released Defendant on a personal recognizance bond without supervision. (ECF Nos. 97, 100.) On March 22, 2017, a Superseding Indictment was filed. (ECF No. 204.) On November 2, 2017, Defendant pleaded guilty to Count Fourteen (14) of the Superseding Indictment (ECF No. 204). (ECF No. 331.) As a result of Defendant's guilty plea, the undersigned modified Defendant's conditions of release and ordered her to be under pretrial supervision with standard conditions and a curfew of 9:00pm to 6:00am.[1] (ECF No. 333.)

On February 13, 2018, the United States Probation Office ("USPO") petitioned the court to order the Clerk of Court ("Clerk") to issue an Arrest Warrant for Defendant due to a violation of her conditions of bond. (ECF No. 386.) The USPO presented information to the court that Defendant violated the conditions of her bond as a result of being arrested on February 6, 2018 and charged with larceny/failure to return rented objects, and fraudulent appropriation, value $10,000 or more. (*Id.*) On February 13, 2018, the court ordered the Clerk to issue an Arrest

---

[1] Defendant was also subject to the condition that she not commit a federal, state, or local crime while on bond. *See* 18 U.S.C. § 3142(b)

1

Warrant for Defendant (ECF Nos. 387, 388), and set a bond revocation hearing for February 20, 2018 (ECF No. 390).

At the February 20, 2018 hearing, the court did not revoke Defendant's bond, but instead modified Defendant's bond conditions to include thirty (30) hours of community service. (ECF No. 396.) On March 8, 2018, Defendant's Attorney James M. Griffin ("Griffin") moved to withdraw as Defendant's Counsel. (ECF No. 401.) The court set a hearing for March 29, 2018 on Griffin's Motion to Withdraw (ECF No. 401). (ECF No. 407.) On March 23, 2018, the Government filed a Motion for Arrest Warrant and Hearing on Revocation of Bond under seal. (ECF No. 410.) On March 28, 2018, Defendant's other attorney Karen C. Simmons moved to withdraw. (ECF No. 412.) At the March 29, 2018 hearing, the Government moved to unseal its Motion for Arrest Warrant and Hearing on Revocation of Bond, which the court granted. (ECF Nos. 413,414.) Additionally, the court granted both of Defendant's Attorney's Motions to Withdraw. (ECF Nos. 401, 412.) At the conclusion of the hearing, the court issued an Arrest Warrant for Defendant, ordered that the case be referred to a Magistrate Judge for appointment of counsel, and stated that a bond hearing was to be held at a later date to be determined by the court. (ECF Nos. 416, 417.) On the same day, Magistrate Judge Paige J. Gossett appointed a Federal Public Defender for Defendant. (ECF No. 422.)

On March 30, 2018, Defendant filed a Motion for Bond Reinstatement. (ECF No. 423.) On April 3, 2018, Magistrate Judge Hodges held a hearing on the Government's Motion for Arrest Warrant and Hearing on Revocation of Bond (ECF No. 410), and Defendant's Motion for Reinstatement of Bond (ECF No. 423). (ECF No. 427.) At the conclusion of the hearing, Magistrate Judge Hodges denied Defendant's Motion for Reinstatement of Bond (ECF No. 423). (*Id.*) On April 5, 2018, Defendant filed a Motion for Reconsideration of Denial of Bond. (ECF

No. 434.)  On April 6, 2018, the Government responded to Defendant's Motion (ECF No. 434). (ECF No. 438.)

Before the court is Defendant's Motion for Reconsideration of Denial of Bond (ECF No. 434).  For the reasons stated below, the court **DENIES** Defendant's Motion.

## I.  LEGAL STANDARD

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *3 (S.D.W. Va. Feb. 7, 2014) (quoting *United States v. Stewart,* 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) (unpublished)).

A judge must order the pretrial release of a person on personal recognizance or the execution of an unsecured appearance bond, subject to conditions set by the court, unless the judge determines that the person's pretrial release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required."  *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *4 (S.D.W. Va. Feb. 7, 2014) (quoting *Stewart*, 19 F. App'x at 48).  "With regard to [the risk of a person not appearing as required] as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *Stewart,* 19 F. App'x at 48 (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) ("[T]he magistrate [judge] properly applied a preponderance of the evidence standard in determining that [the defendant] should be detained

3

pending trial because he posed a high risk of flight."). With respect to the "safety of others or the community" prong of the pretrial detention determination, the government must prove by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of any other person and the community[.]" 18 U.S.C. § 3142(f)(2); *see also Covington*, 2014 WL 504880, at *4 (citing 18 U.S.C. § 3142(f)(2)).

In determining a defendant's suitability for bond, the court must take into account the following factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [child sex trafficking law], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 18 U .S.C. § 3142(g); *see also Covington*, 2014 WL 504880, at *4 (citing 18 U.S.C. § 3142(g)).

## II. ANALYSIS

On April 3, 2018, Magistrate Judge Hodges held a hearing on Defendant's Motion for Bond Reinstatement (ECF No. 423), and the Government's Motion for Arrest Warrant and Hearing on Revocation of Bond (ECF No. 410). (ECF No. 427.) Prior to the hearing, Defendant's bond had

not been revoked.  At the March 29, 2018 hearing before the undersigned, the undersigned granted the Government's Motion for Arrest Warrant and Hearing on Revocation of Bond (ECF No. 410) only as to the propriety of issuing an Arrest Warrant for Defendant.  The undersigned made it clear that the court would not hear any arguments regarding the revocation of bond because Defendant's attorneys had both been allowed to withdraw as her counsel.

Because Defendant's bond was never revoked, there was no need to reinstate Defendant's bond.  The undersigned referred this case to a Magistrate Judge in order to appoint counsel, and stated that a bond revocation hearing would be held at a later date.  Magistrate Judge Hodges denied Defendant's Motion for Reinstatement of Bond (ECF No. 423) stating that "I respect [the undersigned's] revocation of [Defendant's] bond which she did earlier in March and find that there is not good grounds to meet the high burden of reinstating the bond on second blush." (ECF No. 432 at 10:5-8.)  Magistrate Judge Hodges found that Defendant had not sustained her burden of demonstrating under 18 U.S.C. § 3143(A) by clear and convincing evidence that she was not likely to flee or pose a danger to the safety of any other person or to the community if released.  (*Id.* at 10:1-4.)

The undersigned never revoked Defendant's bond, therefore, any reliance on the undersigned's revocation is in error.  Additionally, the court also finds that Magistrate Judge Hodges committed legal error by placing the burden upon Defendant to prove that she is not likely to flee or pose a danger to the safety of any other person or to the community if released.  *See Covington*, 2014 WL 504880, at *4.  Due to these errors, the court will construe Magistrate Judge Hodges' finding that Defendant was not entitled to a reinstatement of bond as a denial of bond in response to Defendant's arrest on March 29, 2018.  The court will now address *de novo* the denial of Defendant's bond.

a. **Rebuttable Presumption under 18 U.S.C. § 3142(e)**

It is undisputed that Defendant's crime does not require mandatory detention pursuant to 18 U.S.C. § 3142(e). Wire fraud, 18 U.S.C. §1343, is not a crime designated under 18 U.S.C. § 3142(e) which would create the rebuttable presumption of mandatory detention pretrial, in which Defendant would have to prove by clear and convincing evidence that she would not be a flight risk or a risk to any other person and the community. Therefore, there is no rebuttable presumption of mandatory detention and the court must inquire into whether the denial of bond was appropriate under 18 U.S.C. § 3142(g).

   b. **18 U.S.C. § 3142(g) Factors**

   a. *Nature and Circumstances of the Offense Charged*

At the time of the April 3, 2018 hearing before Magistrate Judge Hodges, Defendant had pleaded guilty to one count of wire fraud (ECF No. 331) and had violated the conditions of her bond. As a result of Defendant's guilty plea as to Count Fourteen (14), she faces up to twenty (20) years in prison and can be fined by the court up to $250,000. *See* 18 U.S.C. §§ 1343, 3571(b). Defendant pleaded guilty to "[on May 3, 2013,] knowingly [ ] transmit[ing] and caus[ing] to be transmitted by means of wire in interstate commerce, payments [in the amount of $875,000] from a bank account in New York, to a bank account in South Carolina [based on false and fraudulent pretenses, representations and promises]." (ECF No. 204 at 25.) As stated above, wire fraud is not the type of crime designated for mandatory detention because wire fraud is not a crime of violence, is not a crime that concerns a controlled substance, and is not a crime that involves minors. Therefore, the court finds that this factor weighs against Defendant's detention.

b. *Weight of the Evidence*

Defendant has already pleaded guilty to wire fraud and is awaiting sentencing. Additionally, at the March 29, 2018 hearing, the undersigned found probable cause to issue an Arrest Warrant for Defendant based on multiple violations of the conditions of her bond. (ECF No. 415.) The specific violations the undersigned found included three (3) violations of curfew, with one violation entailing getting married in Charlotte, North Carolina while not being authorized to travel out of the state of South Carolina. Defendant was allowed to travel to Charlotte for the sole purpose of flying to New York for work and to stay at her New York residence, otherwise she was to remain within South Carolina.[2]

The undersigned also found troubling that Defendant did not appear for a family court hearing on March 19, 2018. The undersigned noted that at early phases in the case there was an issue regarding Defendant making court appearances in this court. It is undisputed that Defendant violated the conditions of her bond, therefore, the court finds that this factor weighs in favor of Defendant's detention.

c. *History and Characteristics of Defendant*

Defendant is a forty-seven (47) year old woman who lives in Chapin, South Carolina and has four (4) children. (ECF No. 285 at 2-3.) Defendant also has a residence in New York City and maintains dual residency with South Carolina. (*Id.* at 32 ¶ 137.) Defendant has joint custody of her three (3) children who are under the age of eighteen (18) with one of the children living with her full-time. (*Id.* at 32-33 ¶¶ 140-41.) Defendant was an employee of Boykin Contracting, Incorporated ("BCI") from October 2011 to May 2012, and as an employee of BCI committed

---

[2] The USPO was able to track Defendant's location via GPS monitoring.

wire fraud. (*Id.* at 23 ¶ 93, 34 ¶ 151.) Defendant owns Aurora Electric in Jamaica, New York, and also owns Action Contractors in Columbia, South Carolina. (*Id.* at 34 ¶¶ 149-50.)

Defendant has had some arrests and convictions in the past. In 1992, Defendant was convicted of writing a fraudulent check under $500 and forfeited her bond,[3] and in 1996, Defendant pleaded guilty in absentia to driving with a suspended license and had to pay a fine. (*Id.* at 29 ¶¶ 112-13.) Defendant also has had three (3) other arrests; a 1992 arrest for writing a fraudulent check, a 1996 arrest for two (2) counts of passing bad checks, and another 1996 arrest for forgery. (*Id.* at 29-30 ¶¶ 116-19.) The disposition of the 1992 arrest is unknown, the two (2) charges for passing bad checks were not prosecuted, and the forgery charge was dismissed.[4] (*Id.*) Defendant has a pending charge for failure to comply with an order to pay child support in Richland County Family Court, and on March 30, 2017, a Contempt Order against Defendant was filed by the Family Court. (*Id.* at 30 ¶ 120; *see also* ECF No. 438 at 3 n.2.)

Defendant reports that her overall health is good, but she was diagnosed with Attention Deficit Disorder ("ADD") in 2010 and takes 20 milligrams of Ritalin twice per day. (ECF No. 285 at 33 ¶ 144.) Defendant also reports that she was prescribed Zoloft for depression in 2014, but that she discontinued use in 2016 because she did not like the side effects; however, she asserts that she still continues to suffer from anxiety and depression as a result of her plea and upcoming sentencing, but denied having suicidal thoughts. (*Id.* at ¶ 145.) Additionally, Defendant asserts that she does not use drugs and consumes alcohol infrequently. (*Id.* at ¶ 146.)

As stated above, at the March 29, 2018 hearing the undersigned found probable cause to arrest Defendant because Defendant violated the conditions of her bond on three (3) different

---

[3] The court is unaware of any sentence or fine imposed on Defendant.

[4] These arrests are in addition to Defendant's February 6, 2018 arrest mentioned above.

occasions, and failed to attend a family court proceeding. The undersigned specifically noted that Defendant was warned about the importance of complying with the curfew requirements of her bond and that she still continued to violate her curfew requirements. An important factor the undersigned noted in regard to Defendant's curfew violations was that Defendant was not in communication with the USPO about missing curfew. In regard to these violations, the USPO asserted that it had to call Defendant to establish the reason she did not check in for curfew. As to Defendant missing her family court appearance, the undersigned noted that Defendant had a history of missing court appearances in this court and that the court had given her the benefit of the doubt in the past as to these missed appearances.

Because Defendant missed curfew on three (3) different occasions, with one violation entailing her leaving the state of South Carolina, and because Defendant missed a family court appearance and has a history of missing court appearances as noted by the court, the court finds that this factor weighs in favor of detention.

   d. *Nature and Seriousness of Danger to Others*

Defendant's crime is not violent in nature, and Defendant's criminal history also shows no history of violence towards others. The government asserted during the March 29, 2018 hearing that Defendant appeared to be a financial danger to the community. "In economic fraud cases, it is particularly important that the government proffer more than the fact of a serious economic crime that generated great sums of ill-gotten gains. Merely having access to significant funds is not enough; evidence of strong foreign family or business ties is necessary to detain a defendant

even in the face of a high monetary bond." *United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005).[5]

Defendant does not have access to significant funds, as her only source of income is the $6,500 a month salary that she receives from Action Contractors. (ECF No. 285 at 34 ¶ 150.) Moreover, as noted in Defendant's Pre-Sentence Report, "[e]ven though [Defendant] has substantial assets, many of them cannot be easily liquidated. In addition, she is facing a custody sentence and her sole source of income appears to be her self-employment. Therefore, it does not appear likely [Defendant] will be in a position to pay a fine in this case." (*Id.* at ¶ 154.) Defendant is also responsible for three (3) of her children and as noted above owes child support payments for them. (*Id.* at 30 ¶ 120.)

The court finds that this factor weighs against Defendant's detention. There is not clear and convincing evidence that Defendant is either a physical or economic danger to any other person or the community. *See* 18 U.S.C. § 3142(f)(2).

### III. CONCLUSION

Defendant has been given multiple opportunities to comply with the conditions of her bond, and has failed on multiple occasions to comply, including leaving the state without notifying the USPO. Therefore, the court **FINDS** by a preponderance of the evidence that no condition or

---

[5] *See also United States v. Epstein*, 155 F. Supp. 2d 323, 326 (E.D. Pa. 2001) ("The crucial factor, however, is defendant's lack of ties to the United States and his extensive ties to Brazil with which no extradition treaty exists. In our view, his forfeiture of $1 million worth of assets in the United States would not deter him from flight when in Brazil he has significant wealth, a lucrative job, the presence of his family, and insulation from ever being forced to stand trial."); *United States v. Ishraiteh*, 59 F. Supp. 2d 160, 163 (D. Mass. 1999) ("Notwithstanding the fact that he has surrendered his passports, [Defendant] still has the means and expertise to evade further appearances before this Court [and thus, the court denies defendant's Motion to Amend the detention order].")

combination of conditions will reasonably assure Defendant's presence at future proceedings.[6] *See Stewart,* 19 F. App'x at 48 (citing *Medina*, 775 F.2d at 1402). For the reasons stated above, and after conducting a *de novo* review of the record and evaluating the factors to be considered for pretrial release, the court **DENIES** Defendant's Motion for Reconsideration of the Denial of Bond (ECF No. 434).[7]

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 12, 2018
Columbia, South Carolina

---

[6] Defense Counsel requested that Defendant be placed on house arrest instead of being detained. (ECF No. 432 at 5:12-18; ECF No. 434 at 5 ¶ 22.) However, Defendant is already monitored by GPS and still violated her curfew requirements. Additionally, because of Defendant's history of missing court appearances the court must ensure that Defendant is available for future hearings and detention will allow the court to ensure Defendant's appearance.

[7] Defense Counsel asserts that Defendant's guilty plea might not be in compliance with the requirements of Fed. R. Crim. P. 11 and the Sixth Amendment to the United States Constitution's provisions regarding the right to effective assistance of counsel. (ECF No. 434 at 2-3 ¶ 11.) Further, Defense Counsel asserts that if Defendant withdraws her guilty plea, then 18 U.S.C. § 3142 would govern her release, not 18 U.S.C. § 1343. (*Id.* at ¶ 12.) However, Defendant has not moved to withdraw her plea, and moreover, within this Order the court has analyzed Defendant's pretrial detention utilizing the factors set forth in 18 U.S.C. § 3142(g).